UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| H & H Fast Properties Inc., | ) | Bankruptcy Case No. 23-16874 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**IN SUPPORT OF AN OPINION ON THE FIRST INTERIM FEE APPLICATION**
**OF BACH LAW OFFICES, INC., COUNSEL FOR THE DEBTOR (Dkt. 46)**

This matter comes before the court on the First Interim Fee Petition (the "Application") of

Bach Law Offices, Inc. (the "Debtor's counsel"), as counsel for the Debtor, H & H Fast Properties

Inc. (Dkt. 46), whereby attorneys Paul M. Bach and Penelope N. Bach (collectively, the

"Applicants") seek allowance of compensation and reimbursement of expenses. For the reasons

explained below, it is hereby ORDERED that the Application's request for fees is DISALLOWED

in the amount of $552.50 ("disallowed fees") and its request for reimbursement of expenses is

DISALLOWED in the amount of $375.12 ("disallowed expenses").

| | |
|---|---|
| TOTAL FEES REQUESTED: | $ 23,630.00 |
| TOTAL COSTS REQUESTED: | $ 2,296.22 |
| TOTAL FEES REDUCED: | $ 552.50 |
| TOTAL COSTS REDUCED: | $ 375.12 |
| TOTAL FEES ALLOWED: | $ 23,077.50 |
| TOTAL COSTS ALLOWED: | $ 1,921.10 |
| **TOTAL FEES AND TOTAL COSTS:** | **$ 24,998.60** |

**I. Rationale for Disallowed Fees**

Section 330 of the Bankruptcy Code governs compensation of professionals. *See* 11 U.S.C.

§ 330. Section 330 provides in pertinent part that the court may award to professionals "reasonable

compensation for actual, necessary services rendered by the . . . attorney" and "reimbursement for

actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). The applicant has the burden "to prove

that it was entitled to the fees and expenses identified in its application." *In re Colberg*, No. BR

18-81032, 2019 WL 1451280, at *2 (Bankr. N.D. Ill. Feb. 27, 2019) (citing *Matter of Kenneth

Leventhal & Co.*, 19 F.3d 1174, 1177 (7th Cir. 1994)). The Bankruptcy Code "requires

compensation to be reasonable" and "reasonableness is 'based upon the benefit and necessity of such

service to the debtor as well as other factors set forth in section 330.'" *Id.* (citing *In re Argento*, 282

B.R. 108, 116 (Bankr. D. Mass. 2002)).

Section 330(a)(3) states that when "determining the amount of reasonable compensation to

be awarded" to a professional, "the court shall consider the nature, the extent, and the value of such

services, taking into account all relevant factors . . . ," which include:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the
time at which the service was rendered toward the completion of, a case under this
title;

(D) whether the services were performed within a reasonable amount of time
commensurate with the complexity, importance, and nature of the problem, issue, or
task addressed;

(E) with respect to a professional person, whether the person is board certified or
otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation
charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

## A. Time Spent Correcting Mistakes:
### Not Beneficial Toward the Completion of the Bankruptcy Case

In the time entry listed below, the Debtor's counsel billed for a mistake that he made. However, time spent correcting mistakes is not compensable under 11 U.S.C. § 330(a)(3)(C). *See In re Bergae*, No. 13-71645, 2014 WL 1419586, at *4 (Bankr. C.D. Ill. Apr. 11, 2014) (citing 11 U.S.C. § 330(a)(3)(C)); *In re Thomas*, 657 B.R. 613, 633 (Bankr. C.D. Ill. 2024) (citations omitted); *see also In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474, 486 (Bankr. D. Utah 1991) ("Mistakes may be made, and certainly should be corrected, but the time spent finding and correcting them is overhead.").

**Case Administration**

| Date | Counsel | Task | Hours | Amount billed[1] | Amount allowed |
|------|---------|------|-------|---------|---------|
| 12/20/23 | Paul M. Bach | Receive email from Bankruptcy Clerk and United States Trustee about error in the uploading of creditors to ECF and re upload creditors to ECF (total for both tasks 0.1) | 0.1 | $42.50 | $0.00 |

**Fees Disallowed**: $42.50

*See* Application (Dkt. 46), p. 5.

### B. Time Spent on Correspondence Regarding Scheduling: Improper Allocation of Professional Resources

Here, the applicant had multiple time entries regarding email conversations about scheduling meetings with the Debtor and the U.S. Trustee's Office and an extension. The court denies the allowance of compensation for the following tasks because a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293,

---

[1] The Debtor's attorneys, Paul M. Bach and Penelope N. Bach, both billed at a rate of $425.00 per hour. *See* Application (Dkt. 46), p. 3. For a list of all of the time entries, *see* Application (Dkt. 46), pp. 4-14.

303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate"); *see also In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

The task of reviewing and responding to correspondence about scheduling and an extension due to the holidays does not generally appear to require the skill or training of a lawyer, and thus should not be billed at the full attorney rate. *See In re Thomas*, No. 5:18-03265-MJC, 2023 WL 6885827, at *9 (Bankr. M.D. Pa. Oct. 18, 2023) ("[I]tems such as communications between counsel regarding continuances do not require the skill or training of a lawyer and should not be billed at a full attorney rate. A paralegal is perfectly capable of discussing a continuance or receiving information that the Trustee will recommend a plan for confirmation and should be billed accordingly.") (citing *In re Wilson*, No. 1-18-42302, 2022 WL 24058, at *28 (Bankr. E.D. N.Y. Jan. 3, 2022)). As a result, the following fees, excerpts of which are attached below, are disallowed:

**Case Administration**

| Date | Counsel | Task | Hours | Amount billed | Amount allowed |
|------|---------|------|-------|---------------|----------------|
| 12/20/23 | Paul M. Bach | Email conversation with client about dates for the Initial Debtor Interview and the Meeting of Creditors. | 0.2 | $85.00 | $0.00 |

| 1/02/24 | Paul M. Bach | Email conversation with Attorney Spencer Ezell regarding extension to complete schedules as a result of the holidays. | 0.2 | $85.00 | $0.00 |
| 1/04/24 | Paul M. Bach | Email conversation about setting up meeting with Attorney Penelope N. Bach to discuss insurance operating account and bank account issues. | 0.2 | $85.00 | $0.00 |
| 01/08/24 | Paul M. Bach | Email conversation with Matthew Brash and Ifeoma Oraegbu from the United States Trustee's Office rescheduling the Initial Debtor Interview. | 0.3 | $127.50 | $0.00 |

**Fees Disallowed**: $382.50

*See* Application (Dkt. 46), pp. 5-6.

### C. Review of Requested Changes by Client: Insufficient Description

The court denies the allowance of compensation for the following task because the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. at 301 ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. at 708-09. Fees for the task below will be denied:

**Case Administration**

| Date | Counsel | Task | Hours | Amount billed | Amount allowed |
|---|---|---|---|---|---|
| 01/18/24 | Penelope N. Bach | Review of requested changes by client. | 0.3 | $127.50 | $0.00 |

**Fees Disallowed**: $127.50

*See* Application (Dkt. 46), p. 7

**TOTAL FEES DISALLOWED IN SECTION I, SUBSECTIONS A, B, and C: $552.50**

The court denies these fees without prejudice to the Applicant(s) filing a subsequent application and/or a supplement thereto correcting the issues the court noted regarding improper allocation of resources (e.g., charging an appropriate paraprofessional rate) and insufficient description of the services rendered.

## II. Rationale for Disallowed Expenses

"With regard to expense reimbursement, a fee application should include a detailed itemization of the expenses for which reimbursement is sought, including the date the expense was incurred, the type of expense, and the amount." *In Re Lancelot Invs. Fund, L.P.*, No. 08-28225, 2023 WL 3033303, at *1 (Bankr. N.D. Ill. Apr. 20, 2023) (citing *In re Eckert*, 414 B.R. 404, 414-15 (Bankr. N.D. Ill. 2009)). The burden is on the applicant to establish that it is entitled to reimbursement of expenses. *Id.* (citing *In re Eckert*, 414 B.R. at 415). For reimbursement purposes, an expense is "necessary" if "it was incurred because it was required to accomplish proper representation of the client." *Id.*; *see also In re Wildman*, 72 B.R. at 731. The Court does not permit reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B).

## A. Postage and Photocopying Expenses

The court denies allowance of reimbursement of expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. § 330(a)(4)(A)(I) & 331. The fee application fails to demonstrate that the requested expenses for photocopies were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopies at a rate of

$0.10 per page in accordance with prevailing commercial rates. *See In Re Lancelot Invs. Fund, L.P.,* 2023 WL 3033303, at *2. Since the following entries for printing photocopies fail to describe how many pages were copied and at what rate, the following expenses will be denied:

**Costs and Expenditures**

| Date | Task[2] | Amount sought | Amount Disallowed | Amount allowed |
|---|---|---|---|---|
| 12/20/23 | Postage and Printing Costs for Motion to Set Bar Date (Printing Costs of $9.52 and postage of $18.48). | $28.00 | $9.52 | $18.48 |
| 01/03/24 | Postage and Printing Costs for Motion to Extend Time to file Schedules and other Required Documents (Printing Costs of $10.20 and postage of $19.80). | $30.00 | $10.20 | $19.80 |
| 01/09/24 | Postage and Printing Costs for Motion to Employ Attorneys Paul M. Bach and Penelope N. Bach (Printing Costs of $15.30 and postage of $19.80). | $35.10 | $15.30 | $19.80 |
| 03/11/24 | Printing Costs, Exhibit Dividers and Covers for Exhibit Books for the hearing on the Motion for Preliminary Injunction March 11, 2024 (Printing Costs of $307.56 Dividers, 31.92 and Book Covers of $27.72). | $367.20 | $307.56 | $59.64 |
| 03/13/24 | Postage and Printing Costs for Motion to Authorize Use of Existing Bank Accounts (Printing Costs of $24.38 and postage of $32.64). | $57.12 | $24.38 | $32.64 |
| 03/14/24 | Postage and Printing Costs for Amended Notice of Motion to Authorize Use of Existing Bank Accounts (Printing Costs of $8.16 and postage of $32.64). | $40.80 | $8.16 | $32.64 |

**Expenses Disallowed**: $375.12

---

[2] The court notes that the Application does not specify whether Mr. Bach or Mrs. Bach incurred the expenses for which reimbursement is sought. *See* Application (Dkt. 46), pp. 14-15.

*See* Application (Dkt. 46), pp. 14-15.

These expenses are denied without prejudice to the Applicant(s) filing a subsequent application and/or a supplement thereto correcting the issues the court noted regarding the postage expenses (i.e., specifying the amount of pages copied and the rate charged).

## IV. The Allowed Fees and Expenses

The court denies these fees without prejudice to the Applicant(s) filing a subsequent application and/or a supplement thereto correcting the issues the court noted regarding improper allocation of resources (e.g., charging an appropriate paraprofessional rate) and insufficient description of the services rendered.

For the reasons explained herein, it is hereby ordered that the Application (Dkt. 46) is GRANTED in part and DISALLOWED without prejudice in part as follows:

1. The Applicants' request for fees is DISALLOWED in the amount of $552.50.

2. The Applicants' request for expenses is DISALLOWED in the amount of $375.12.

3. The Applicants are allowed fees in the amount of $23,077.50 and reimbursement of expenses in the amount of $1,921.10, for a total award of $24,998.60, less the retainer payment paid pre-petition by the Debtor in the amount of $4,650.00, for a total of $20,348.60.

4. The Debtor is authorized to pay the amount of $20,348.60 to the Applicants.

Date: April 22, 2024

ENTER: _____

Hon. Jacqueline P. Cox
Chief U.S. Bankruptcy Judge
Northern District of Illinois