UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| | ) | |
| H & H FAST PROPERTIES INC., | ) | CASE NO. 23-16874 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. JACQUELINE P. COX |

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION**

NOW COMES ADAM G. BRIEF, the Acting United States Trustee for the Northern District of Illinois (the **"U.S. Trustee"**), by his attorney, Spencer C. Ezell, and pursuant to 28 U.S.C. § 586(a)(3)(B) and 11 U.S.C. § 307 of the United States Bankruptcy Code, objects to confirmation of the Debtor's Fourth Amended Plan of Reorganization. In support of his objection, the U.S. Trustee states the following:

**PRELIMINARY STATEMENT**

1. The U.S. Trustee objects to confirmation of the Debtor's Fourth Amended Plan of Reorganization (the **"Plan"**) because it is not feasible. The Debtor's projections supporting the Plan are not reasonably achievable in light of the historical data set forth in the Debtor's monthly operating reports filed throughout the duration of this case. Consequently, the Debtor cannot demonstrate that confirmation of its Plan will not likely be followed by the liquidation or need for further financial reorganization of the Debtor, which is a prerequisite to confirmation.

**JURISDICTION**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A), (L), which this Court may hear and determine pursuant to IOP 15(A) and

Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

4. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The U.S. Trustee has standing to file this Objection under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

## BACKGROUND

6. On December 18, 2023 (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the **"Code"**), thereby commencing the above-captioned case. *Dkt. 1*. Since then, the Debtor has remained in possession and control of its assets under Section 1184 of the Code as debtor-in-possession.

7. Matthew Brash was duly appointed as the Subchapter V Trustee in this case. *See dkt. 3*. No examiner or creditors' committee has been appointed.

8. The Debtor is in the business of purchasing, rehabbing, leasing, and selling real estate. *See dkt. 131, p. 2*.

9. Amanda Henderson and Angenette Moore are the members of the Debtor, with Ms. Henderson owning a 90% interest and Ms. Moore owning a 10% interest in the Debtor. *See dkt. 24, p. 7*. Ms. Henderson is the President of the Debtor. *Dkt. 1, p. 4*.

10. On January 31, 2025, the Debtor filed the Plan. *Dkt. 131*.

11. Pursuant to the deadlines set forth in the Order and Notice of Hearing on Confirmation of Plan, *dkt. 134*, the U.S. Trustee hereby timely files this Objection.

## ARGUMENT

12. Subchapter V plans must satisfy, among other things, Section 1129(a)(11) to be confirmed. *See* 11 U.S.C. § 1181 (listing Code sections that are not applicable to Subchapter V

cases); *see also* §§ 1191(a) (stating that all requirements of Section 1129(a), other than paragraph (15), must be met for consensual confirmation) and (b) (stating that plan shall be confirmed non-consensually if all requirements of Section 1129(a), other than paragraphs (8), (10), and (15), are met and the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan).

13. Section 1129(a)(11) of the Code requires debtors to demonstrate that confirmation of a plan is not likely to be followed by a liquidation or the need for further financial reorganization unless the debtor proposes such liquidation or reorganization in the plan itself. Commonly described as the "feasibility test," this section of the Code requires plan proponents to offer concrete evidence of sufficient cash flow to pay both their post-petition obligations and the obligations imposed by the plan. *In re Draimon*, 450 B.R. 777, 812 (Bankr. N.D. Ill. 2011). The feasibility test serves the purpose of protecting creditors from the confirmation of plans which have little or no chance of success. *In re Johnson*, 2008 WL 696917, *6 (Bankr. E.D. Pa. Mar. 11, 2008) (citations omitted).

14. The Debtor's Plan is a plan of reorganization, not a plan of liquidation or a plan calling for a further financial reorganization following confirmation. Indeed, the Debtor characterizes its Plan as a "Plan of Reorganization". *See dkt. 131, p. 1*. Also, rather than liquidate the bankruptcy estate and use any proceeds to repay its creditors, the Debtor proposes to pay its creditors a percentage of the money it owes them from its future income from continuing operations. *See id.* ("This Plan provides for distributions to the holders of allowed claims from the net income from operations of the Debtor."). It is the Debtor's reliance on its income from continuing operations to fund the Plan that calls into question the Plan's feasibility.

15. The Debtor's Schedule B - Personal Property, which it filed at the outset of this

case, indicates the Debtor owned two bank accounts containing a total of $1,845.46 as of the Petition Date. *See dkt. 22, p. 1*. Now, after 14 full months in bankruptcy, the Debtor's most recent operating report shows the Debtor held a total of $668 as of January 31, 2025. *See dkt. 147*. This means the Debtor's cash on hand has decreased by $1,177.46 in the 14 months (December 2023 through January 2025) since the Petition Date with a monthly operating report on file.

16. Significantly, the Debtor has not been under any obligation to pay any of its prepetition debts since the Petition Date. Despite being relieved of that obligation, the Debtor's cash on hand has decreased over the duration of this case. In other words, the Debtor has not accumulated any surplus or disposable income post-petition. Without any disposable income, the Debtor will be unable to fund the Plan as projected.

17. Attached as an exhibit to the Plan are projections of the Debtor's income, expenses, and plan payments over the three years following the Effective Date of the Plan (the **"Projections"**). *See dkt. 131-3, pp. 3–4*.

18. The Projections further call into question the feasibility of the Plan, as they project revenues significantly greater than the historical data of the Debtor's income set forth in the monthly operating reports. That data is summarized in the chart below.

| Month | Opening Balance | Total Cash Receipts | Total Cash Disbursements | Net Cash Flow | Cash on Hand at End of Month |
|---|---|---|---|---|---|
| December 2023 | $2,117.48 | $3,400 | $2,966.34 | $433.66 | $2,551.14 |
| January 2024 | $2,499.12 | $4,830 | $5,954.97 | ($1,124.97) | $1,374.15 |
| February 2024 | $1,374.15 | $6,202.92 | $6,742.15 | ($539.23) | $834.92 |
| March 2024 | $950.29 | $22,205.55 | $16,399.87 | $5,805.68 | $6,755.97 |
| April 2024 | $6,755.97 | $32,950 | $35,277.11 | ($2,327.11) | $4,428.86 |
| May 2024 | $4,417.10 | $19,450 | $20,171.43 | ($721.43) | $3,695.67 |
| June 2024 | $3,695.67 | $35,660 | $26,220.59 | $9,439.41 | $13,135.08 |
| July 2024[1] | $13,135.08 | N/A | N/A | ($9,107.62) | $4,027.46 |
| August 2024 | $4,027.46 | $8,500 | $12,400.79 | ($3,900) | $127.46 |
| September 2024 | $126.67 | $19,142.89 | $13,656.74 | $5,486.15 | $5,612.82 |
| October 2024 | $5,612.82 | $4,500 | $9,336.26 | ($4,836.26) | $776.56 |
| November 2024 | $776.56 | $3,030 | $3,463.41 | ($433.41) | $343.15 |
| December 2024 | $343.15 | $3,100 | $2,875.89 | $224.11 | $567.26 |
| January 2025 | $567.26 | $4,100 | $3,999.16 | $100.84 | $668.10 |
| **Totals:** | n/a | $167,071.36 | $159,464.72 | ($1,500.18) | n/a |

19. The Projections state that in 2025, the Debtor will have total gross income of $2,063,967. *See dkt. 131-3, p. 3*. The Projections continue to state that the Debtor estimates having total gross incomes of $937,905.05 in 2026; $1,072,406.06 in 2027; and $1,218,456.57 in 2028. *Id.* The monthly averages for each of these same years translate to $171,997.25 per month in 2025; $78,158.75 per month in 2026; $89,367.17 per month in 2027; and $101,538.05 per month in 2028.

20. Even taking the lowest of these projected figures—$78,158.75 per month in 2026—illustrates how overly optimistic the Projections are when compared to the Debtor's historical data.

---

[1] The Debtor has not filed its July 2024 monthly operating report. However, based on the difference between the ending balance from the June 2024 monthly operating report ($13,135.08) and the beginning balance from the August 2024 monthly operating report ($4,027.46) suggests the Debtor lost approximately $9,107.62 in July 2024. For purposes of calculating totals in the table, the U.S. Trustee has implemented this assumption into the "net cash flow" category of July 2024's row.

According to the monthly operating reports on file throughout the duration of this case, the Debtor's operations yielded a sum of $167,071.36 over the 13 months with operating report data on file, which equates to an average monthly gross income of $12,851.64.[2] In other words, the *lowest* projected gross income ($78,158.75 per month in 2026) is more than 600% higher than the Debtor's average historical performance throughout this case ($12,851.64 per month).

21. According to the monthly operating reports, the Debtor's month in terms of total cash receipts was in April 2024, when the Debtor had $32,950 in total cash receipts. *Dkt. 63*. For purposes of illustration, the Debtor would need to more than double this month's performance each month just to meet its benchmark for 2026, which again is the year with the lowest total projected income. The Debtor would have to continue its unreasonable level of growth to satisfy its projections in 2027 and 2028, not to mention 2025, where the projected income is more than double that of 2026 ($2,063,967 in 2025 versus $937,905.05 in 2026).

22. The historical data for this Debtor demonstrates that the Debtor would severely struggle to reach or surpass this amount of revenue. The monthly operating reports show that the Debtor had total cash receipts of $167,071.36 between December 2023 and January 2025, a span of fourteen months. Further, as discussed above, the Plan does not indicate any new or additional sources of revenue to support such an immediate and sustained increase in projected revenue.

23. Without adequate support or evidence, these projected revenues are not reasonable for this Debtor. The Plan provides no such support and the Debtor's monthly operating reports demonstrate the unlikelihood of the Debtor achieving the revenues set forth in its Projections. Due to its likely inability to earn the projected revenues, the Debtor will be unable to satisfy its proposed payments to creditors as set forth in the Plan and reflected in the Projections.

---

[2] Again, this does not count July 2024 for purposes of averaging the Debtor's monthly gross income in this case.

## **CONCLUSION**

24.	The Debtor has not met its burden of demonstrating that confirmation of the Plan is not likely to be followed by a liquidation or the need for further financial reorganization. The Debtor's reported inability to generate a positive cash flow post-petition demonstrates its Plan has little chance of success, particularly in light of the lofty revenue projections. The U.S. Trustee believes that either a liquidation or further financial reorganization will likely follow confirmation of the Debtor's Plan. The Debtor's Plan fails to pass the feasibility test of Section 1129(a)(11), and as a result, the Court should deny confirmation.

WHEREFORE, the United States Trustee respectfully asks the Court to sustain his objection and deny confirmation of the Debtor's Plan and for any other relief that is appropriate under the circumstances of this case.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED:<br>ADAM G. BRIEF<br>ACTING UNITED STATES TRUSTEE |
| Dated:  March 10, 2025 | BY: /s/*Spencer C. Ezell*<br>Spencer C. Ezell, Trial Attorney<br>Office of the U.S. Trustee<br>219 S. Dearborn St., #873<br>Chicago, Illinois 60604<br>(202) 702-6338 |

## CERTIFICATE OF SERVICE

I, Spencer C. Ezell,

[X ] an attorney, certify - or –

[  ] a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of the *United States Trustee's Objection To Confirmation Of Debtor's Fourth Amended Plan Of Reorganization* on each entity shown on the attached list at the address shown and by the method shown on March 10, 2025.

/s/ *Spencer C. Ezell*

## SERVICE LIST

- **Paul M. Bach**  paul@bachoffices.com  pnbach@bachoffices.com  bachecf@gmail.com bach.paulm.b122358@notify.bestcase.com
- **Penelope N Bach**  pnbach@bachoffices.com  bachecf@gmail.com  paul@bachoffices.com bachpr57277@notify.bestcase.com  bach.penelopen.b122358@notify.bestcase.com  bachpr57277@notify-prod.bestcase.com
- **Matthew Brash**  mbrash@newpointadvisors.us  I003@ecfcbis.com  jnoack@newpointadvisors.us tmeador@newpointadvisors.us  emeyer@newpointadvisors.us pandreen@newpointadvisors.us
- **Adam Brief**  Ustpregion11.es.ecf@usdoj.gov
- **Nathan B Grzegorek**  ngrzegorek@polsinelli.com  chicagodocketing@polsinelli.com robrien@polsinelli.com
- **Junilla J Sledziewski** junilla@graydon.law  phill@graydon.law
- **Timothy R Yueill**  timothyy@nevellaw.com

**Parties Served Via First Class Mail**
Served Via BMC Group

ADS (Alarm Detection System)
ADS (Alarm Detection System) 1111 Church
Aurora, IL 60505

ADT Security Services
PO Box 371878
Pittsburgh, PA 15250

Amanda Hendereson
6205 S. Dorchester Ave
Chicago, IL 60637

Amanda Henderson
P.O. Box 979
Lansing, IL 60438

American Arbitration Association
120 Broadway 21st Floor
New NY 10271

Angenette Moore
837 Washington St
Gary, IN 45408

AT&T Consumer Services Div
527 E Capitol Ave
SPringfield, IL 62794-9280

BSI Financial Services
100 W Randolph St 9th Fl
Chicago, IL 60601

Commonwealth Edison
10 S Dearborn Street
Anytown, CA 60603

Cook County Clerk
69 W Washington Suite 500
Chicago, IL 60602

Cook County Clerk
69 W. Washington, Suite 500??
Chicago, IL 60602

Cook County Clerk
118 N. Clark Street Room 434
Chicago, IL 60602

Cook County States Attorney
50 West Washington Street
Chicago, IL 60601

Cook County Treasurer
118 N. Clark
Chicago, IL 60602

Cook County Treasurer's Office
118 N Clark Street Room 112
Chicago, IL 60602

Darnell Ray
8736 S. Mackinaw
Chicago, IL

Department of the Treasury,
Internal Revenue Service,
P.O. Box 7346,
Philadelphia, PA 19101

Fifth Third Bank, National Association
7570 Bales Street
Suite 220
Liberty Township, OH 45069

Gisit Solutions LLC
333 S Anita Dr. Suite 400
Orange, CA 92868

Gitsit Solutions LLC
C./O RA ILLINOIS CORPORATION
SERVICE COM
801 ADLAI STEVENSON DRIVE
Springfield, IL 62703

Gitsit Solutions LLC
333 S. Anita Dr. Suite 400
Orange, CA 92868

GITSIT Solutions, LLC
333 South Anita Drive, Suite 400
Orange, CA 92868-3314

Home Depot
2455 Paces Ferry Road NW
Atlanta, GA 30339

Illinois Department of Revenue
POB 19035
Springfield, IL 62794

Illinois Department of Revenue
Bankruptcy Section
100 W. Randolph Street
Chicago, IL 60606

Illinois Department of Revenue
PO Box 19035
Springfield, IL 62794

Illinois Department of Revenue
Bankruptcy Section
100 W Randolph Street
Chicago, IL 60606

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service,
Mail Stop 5014CHI
230 South Dearborn Street, Room 2600
Chicago, IL 60604

Ira Nevell
175 N. Franklin Street Ste. 201
Chicago, IL 60606

Isabella Casillas Guzman
Director, US Small Business Administration
409 3rd St SW
Washington, DC 20024

Kenneth C. Apicella
4811 Emerson Ave Suite 110
Palatine, IL 60067

KICS English Corp
C/O JOHN YU 959 GREEN MOUNT LN
Belleville, IL 62220

LJ Ross Peoples Gas Light & Coke Co.
PO Box 6099
Jackson, MI 49204

Lowe's
PO Box 669824
Dallas, TX 75266

Nathan B. Grzegorek
POLSINELLI PC 150 North Riverside
Chicago, IL 60606

Newline Holdings LLC
POB 8719
Wheaton, IL 60189

Newline Holdings, LLC
Bryan Hughes
205 E Butterfield
PMB 295
Elmhurst, IL 60126

Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606

Ray Henderson
4840 S Ellis Ave
Chicago, IL 60615

Seventh Day Adventist
8511-25 S State St
Chicago, IL 60619

Small Business Administration
801 Tom Marton Dr
Suite 120
Birmingham, AL 35211

Small Business Administration
801 Tom Marton Dr Suite 120
Birmingham, AL 35211

Sterling M. Burke
President of the Board of Trustees
of the Village of Olympia Fields
20040 Governors Highway
Olympia Fields, IL 60461

Sterling M. Burke, President of the Boar
President of the Board of Trustees
of the Village of Olympia Fields 20040 G
Olympia Fields, IL 60461

Toorak Capital Partners, LLC
15 Maple Street, Second Floor
Summit, NJ 07901

U.S. Bank
PO Box 790408
Saint Louis, MO 63179

U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

U.S. Small Business Administration
332 S. Michigan Avenue, Suite 600
Chicago, IL 60604

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

United States Small Business Administration
SBA PO Box 3918
Portland, OR 97208

US Small Business Administration
332 S. Michigan Avenue, Suite 600
Chicago, IL 60604